UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| REYMUNDO LOZADA,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:16cv1760(VLB) |
| COUNSELOR PALOMBO, ET AL.,<br>    Defendants. | :<br>:<br>: |

## RULING AND ORDER

The plaintiff, Reymundo Lozada, is currently confined at Garner Correctional Institution in Newtown, Connecticut. He has filed a complaint pursuant to 42 U.S.C. § 1983 naming Counselor Palombo and Jane/John Doe Medical Staff as defendants. Pending is the plaintiff's complaint and motion to consolidate. For the reasons set forth below, the complaint will be dismissed and the pending motion will be denied.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff's complaint includes no facts. Instead, the plaintiff refers the court to exhibits attached to the complaint. The exhibits reflect that on June 29, 2016, Counselor Palombo ordered the plaintiff to move from the bottom bunk to the top bunk despite the fact that the plaintiff claimed that he had been issued a bottom bunk pass. Counselor Palombo checked with the medical department and Jane/John Doe Medical Staff informed Counselor Palombo that the plaintiff did not have a pass.

On July 4, 2016, the plaintiff attempted to get up to the top bunk using a chair and a ladder, but the ladder and chair slipped and caused the plaintiff to fall

onto the desk and then to the floor of the cell. The plaintiff suffered a gash to his back that was several inches long and deep and a bruise to his foot. Medical staff treated him for his injuries.

On July 20, 2016, the plaintiff submitted an Inmate Request Form to Counselor Palombo requesting the name of the person who had authorized him to make the decision not to honor the bottom bunk pass. The request was forwarded to Captain McDaniel. On August 2, 2016, Captain McDaniel indicated that he had further reviewed the matter with N/S Miller and Miller confirmed that the plaintiff did have a bottom bunk pass on the date in question. The bottom bunk pass was to expire on August 10, 2016.

The plaintiff claims that he suffered pain as a "direct result of the negligent and flagrant dis-regard of both D.O.C. and especially medical policy. Thereby inflicting both physical and emotional injuries." Compl., ECF No. 1 at 6. For relief, the plaintiff seeks monetary damages.

I.  Official Capacity Claims

To the extent that the plaintiff seeks damages against the defendants in their official capacities, the claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). All such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

II.  Individual Capacity Claims

To state an Eighth Amendment conditions of confinement claim, an inmate must establish first, that a prison official denied him "the minimal civilized

measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations and quotation marks omitted). Second, the inmate must show that the official acted with subjective "deliberate indifference to [his] health or safety" because the official knew that he "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* at 834, 847 (internal citations and quotation marks omitted).

There are no facts to suggest that either defendant deliberately or intentionally disregarded a risk to the plaintiff's health or safety. In fact, the plaintiff describes the conduct of Counselor Palombo in failing to believe that he had been issued a bottom bunk pass as well as the conduct of the unnamed medical staff member who allegedly confirmed Counselor Palombo's belief, as negligent.

Inadvertent or negligent conduct which causes injury does not support a section 1983 action. *See Farmer*, 511 U.S. at 835 ("deliberate indifference requires more than mere negligence"); *Whitley v.* Albers, 475 U.S. 312, 319 (1986)("conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety."); *Daniels v. Williams*, 474 U.S. 327, 330-36 (1986) (due process protections not triggered by lack of due care by state officials); *Trammell v. Keane*, 338 F.3d 155, 165 (2d Cir. 2003) ("Negligence does not, however, satisfy the scienter requirement necessary to support a claim for cruel and unusual punishment") (internal quotation marks and citation omitted). Thus, plaintiff's claim that the defendants' conduct

constituted a lack of due care or negligence does not state a plausible Eighth Amendment claim of deliberate indifference to his health or safety. All claims against the defendants are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The court enters the following orders:

(1) The Complaint, [ECF No. 1], is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The court declines to exercise supplemental jurisdiction over any state law claims against the defendants. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

(2) The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Hartford, Connecticut this 15th day of August, 2016.

/s/
_____
**VANESSA L. BRYANT**
**UNITED STATES DISTRICT JUDGE**